IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LAURA M. ALSBROOKS,<br><br>              Plaintiff<br><br>    VS.<br><br>MICHAEL J. ASTRUE,<br>S.S. Commissioner,<br><br>              Defendant | NO. 5:05-CV-21 (CWH)<br><br>**SOCIAL SECURITY APPEAL** |

## **O R D E R**

Plaintiff Laura Alsbrooks filed an application for concurrent Social Security disability and Supplemental Security Income on December 12, 2000. She alleges that she is disabled due to numerous physical and mental limitations. A hearing before an Administrative Law Judge (hereinafter "ALJ") was held on August 27, 2003. On October 13, 2003, the ALJ denied plaintiff's application. Plaintiff appealed the unfavorable decision to the Appeals Council on July 10, 2004. On December 1, 2004, the Appeals Council denied plaintiff's request for review.

On January 20, 2005, plaintiff filed a complaint and supporting brief seeking review of this final decision of the defendant Commissioner. Tab #1. The defendant subsequently filed a response and thereafter a Motion to Remand the claim based on the limited issue of further evaluating plaintiff's mental impairments in accordance with the special technique described in 20 C.F.R. § 416.920a. Tab #24. This court remanded the claim under Sentence Six "to allow an ALJ the opportunity to consider plaintiff's mental impairments and to complete the PRTF." Tab #27.

Based on this Order for Remand, the Appeals Council vacated the final decision of the defendant Commissioner and remanded the case to an ALJ for an evaluation of claimant's mental impairment in accordance with the special technique described in 20 CFR § 416.920a. Upon remand, the Appeals Council also noted that a second claim for SSI was filed by the plaintiff on October 29, 2003, determined that the remanded claim rendered the subsequent claim duplicate, and instructed the ALJ to associate the claim files and issue a new decision on the associated claims.

The matter came before ALJ Carol G. Moore who, on May 24, 2006, issued an unfavorable decision finding that claimant Alsbrooks was not under a disability as defined in the Social Security Act. By order dated August 11, 2007, the Appeals Council adopted the findings of ALJ Moore. Plaintiff's subsequent request for reconsideration to the Appeals Council was denied.

Of particular relevance to the matter before the Court is the fact that while the combined first and second applications were still before the Appeals Council, the plaintiff filed a third application for SSI benefits, again alleging disability beginning April 2, 2000. This application was also initially denied, however, following a hearing. ALJ Calvin Washington, in a *fully favorable* decision, found that plaintiff Alsbrooks was disabled under Section 1614 (a)(3)(A) of the Social Security Act beginning on April 2, 2000. ALJ Washington subsequently amended this decision from fully favorable to *partially favorable*. The amended partially favorable decision was based upon ALJ Washington's conclusion that he was without jurisdiction to determine plaintiff's disability for times prior to March 22, 2006, as the plaintiff's previous combined claims were still before this court. Following the issuance of this amended decision, the defendant filed a Motion to Remand and an Amended Motion to Remand. Tab #38 and Tab #40. Therein, the defendant argues that the aforementioned fully and subsequent partially favorable decisions of ALJ Washington constitute new and material evidence thus making remand for further consideration appropriate. Plaintiff Alsbrooks filed a response to the defendant's motion. Tab #39.

## LEGAL STANDARD

REMAND

The standard in this circuit to obtain a remand under 42 U.S.C. 405(g) for consideration of newly discoverable evidence is as follows: the movant must show (1) there is new non-cumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for the failure to submit the evidence at the administrative level.  In order to proceed under the auspices of this provision, the Commissioner must make a sufficient statutory showing and the court must review the new evidence presented by the movant *de novo*. *Vega v. Commissioner of Social Security*, 265 F.3rd 1214,1218 (11th Cir. 2001).   The non-cumulative standard requirement must be satisfied by the production of new evidence that was not contained in the administrative record.

## DISCUSSION

In view of the aforementioned legal standard, the undersigned has completed a review of the defendant Commissioner's motions seeking remand, the plaintiff's response thereto, and the fully favorable and partially favorable decisions of ALJ Washington.  Having done so,  it has become apparent that ALJ Washington's fully favorable decision is, at long last,  a thorough and legally correct analysis of plaintiff Alsbrooks' disabling conditions from the onset date of April 2, 2000 to the present.  As the fully favorable decision is merely an analysis of the evidence previously available to the defendant and not new evidence in itself, the defendant has not demonstrated the requisite elements necessary for this matter to be remanded.  Accordingly, the defendant's Motion to Remand and Amended Motion to Remand are **DENIED**.

Plaintiff Alsbrooks argues that this court should grant reversal and order the payment of benefits retroactively to April 2, 2000, the onset date of plaintiff's disability. This, according to the plaintiff, is because the ALJ decisions issued prior to the fully favorable decision entered by ALJ Washington failed to apply the proper legal standards. Having reviewed these previous decisions, as well as the entire record in this case, the undersigned agrees. As such, the fully favorable decision of ALJ Washington is hereby adopted as the opinion of this court, the decision of the defendant Commissioner denying plaintiff's application benefits is **REVERSED,** and the matter is **REMANDED** with the instruction that the plaintiff be awarded benefits consistent with the findings contained in the aforementioned fully favorable opinion.

SO ORDERED, this 24th day of SEPTEMBER, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE